The State ex rel. Ashland Water Co. vs. Wharton.

THE STATE EX REL. ASHLAND WATER COMPANY, Respondent,
vs. WHARTON, City Clerk, Appellant.

*April 27 — May 16, 1899.*

Mandamus: *Judgments: City clerk: Common council: Limitation on
taxation.*

1. Where a city charter contains no specific regulation of the manner
   in which a judgment against the city shall be inserted in the tax
   roll, its provisions that no execution shall be issued on any such
   judgment, but that it shall be levied on all the taxable property of
   the city and placed in the next tax roll for collection, taken in con-
   nection with sec. 929, Stats. 1898, makes it the duty of the city
   clerk, upon proof of such judgment being filed as required by law,
   to include it in the tax roll, and such duty can be enforced by *man-
   damus.*

2. Failure of the common council to include such a judgment in their
   tax levy for city purposes would not justify a refusal of the clerk
   to include it in the tax roll.

3. A limitation in a city charter, that the total tax, "except special
   taxes levied upon property abutting upon and for public improve-
   ments," shall never exceed two per cent. of the valuation, refers only
   to taxes authorized by the charter; and it is no answer to the relief
   demanded on an application for a writ of *mandamus* that, after
   proper proof of the relator's judgment had been filed with the city
   clerk as required by law, the council had levied taxes up to the
   charter limit.

[4. Whether such charter limitations apply in any event to judgments,
   not determined.]

5. If such limitation applies to judgments at all, the common council
   is bound to take notice thereof when it makes up its annual budget
   and tax levy.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Application for a writ of *mandamus* requiring the defend-
ant, as city clerk, to carry out in the tax roll the amount of
relator's judgment. The petition showed that the relator
obtained a judgment against the city of Ashland on Octo-
ber 1, 1897; that on the 30th of that month a transcript was
filed with the city clerk, with the proper affidavit of non-

The State ex rel. Ashland Water Co. vs. Wharton.

payment; that on November 25, 1898, another affidavit to the same effect was filed; and that the city clerk neglected and refused to insert the amount of the judgment in the tax roll. An alternative writ was issued, to which the clerk made return that the common council made the annual tax levy on November 19, 1898, and made no provision for, and did not include, the said judgment in said levy; that the levy made by the council for the necessary maintenance and operation of the city government amounted to two per centum of the value of all taxable property in the city; and that the judgment mentioned was based upon a contract made at a time when the city charter fixed a maximum limit of taxation for all purposes at two per cent. of the valuation of the property therein. The return was demurrer to and sustained. The defendant elected to stand upon his return, and a peremptory writ was issued as prayed for. Defendant appeals.

For the appellant there was a brief by *Brossard & Colignon,* and oral argument by *E. E. Brossard.* To the point that it was illegal to levy taxes in excess of two per cent. of the valuation of the taxable property to pay a judgment arising out of the contract, they cited sec. 1, subch. XV, ch. 27, Laws of 1889, as amended by sec. 6, ch. 103, Laws of 1891; 2 Dillon, Mun. Corp. (4th ed.), § 769 and note; *East St. Louis v. U. S. ex rel. Zebley,* 110 U. S. 321; *Clay Co. v. McAleer,* 115 U. S. 616; *Stewart v. Jefferson Police Jury,* 116 U. S. 135; *Weber v. Traubel,* 95 Ill. 427; *U. S. ex rel. Learned v. Burlington,* 2 Am. L. Reg. (N. S.), 394; *Wattles v. Lapeer,* 40 Mich. 624; *Burnes v. Atchison,* 2 Kan. 454; *Clark v. Davenport,* 14 Iowa, 494; *Coffin v. Davenport,* 26 Iowa, 515; *Iowa R. L. Co. v. Sac Co.* 39 Iowa, 124; *Valparaiso v. Gardner,* 97 Ind. 1, 49 Am. Rep. 416; *Porter v. Thomson,* 22 Iowa, 391.

For the respondent there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

BARDEEN, J.   The appellant insists that under the city charter the authority to levy a tax to pay judgments against the city is vested in the common council, and that the city clerk cannot be compelled to insert the amount of the judgment in the tax roll until the council has voted a levy for that purpose.   It is admitted that the charter contains no specific regulation of the manner in which a judgment shall be inserted in the tax roll.   Sec. 15, subch. VIII, ch. 27, Laws of 1889, provides that no execution shall issue on any judgment, but it shall be levied on the taxable property of the city.   Sec. 7, subch. XV, provides for the making of the annual budget by the council, for purposes of taxation, from estimates made by the different city officers, but contains no provision as to an estimate or levy to meet judgments.   It then says, "The council shall thereupon, by resolution levy such sums of money as shall be sufficient for the several purposes for which taxes are authorized not exceeding the limit provided by law."   The following section requires the clerk to make out the tax roll as soon as practicable after the levy shall have been made by the council, and the certificate of the county clerk as to the amount of state and county taxes shall have been received, but contains no reference to judgments.   It is argued that the section of the charter providing that "the judgment shall be levied on the taxable property of the city and placed in the next tax roll for collection," together with the other supplementary provisions referred to, contemplates formal and specific action on the part of the council before the judgment shall be placed in the tax roll for collection.

We cannot agree with this contention. · In none of the provisions mentioned is the council required to consider or act upon judgments filed for collection.   Before the claim upon which it is based could crystallize into a judgment, it had to pass the scrutiny of that body.   When it became final, nothing remained to be done but to pay it.   The char-

ter says it shall not be collected in the usual way, as by execution, but shall be levied upon the taxable property of the city "and placed in the next tax roll for collection." The amount of the city's obligation is definite, and its duty to pay fixed. The council has no power to diminish the amount, or postpone the day of payment. The charter imposes upon some one the duty to place the amount of the judgment in the tax roll. Under the law, that duty falls upon the clerk. The charter being silent as to any action of the council with respect to judgments, the ministerial duty of carrying out the amount of the judgment in the tax roll would very naturally pass to the officer charged with the duty of making up the tax roll. We are aided in this construction by reference to the general statutes which went into effect September 1, 1898. Sec. 929 provides that whenever a final judgment shall be rendered against any city, "unless the charter makes other provisions for the collection thereof," it shall be the duty of the clerk, upon proof of such judgment being filed, "to assess the amount thereof" upon the taxable property of said city. The charter of Ashland has made no provision as to the carrying of the judgment into the tax roll, or as to the collection of the judgment; and no good reason is perceived why, in conformity to the statute cited, it should not be done by the clerk. When due proof of the judgment was filed with the clerk, he had no discretion to exercise. When the charter said the judgment should be placed in the next tax roll, it meant that it should be placed there by the officer charged with the duty of making such roll. The words "shall be levied" meant nothing more than the word "assess" in the general statute. In the connection used, they meant nothing more than that the amount of the judgment should be extended on the tax roll on the basis of the assessed valuation of the taxable property of the city. The judgment in this case had been on file for a long time. It was the plain and imperative

The State ex rel. Ashland Water Co. vs. Wharton.

duty of the clerk to include it in the tax roll, and it was no justification for him to say that the council had not included it in their levy for city purposes.

Again, it is said that the council made a tax levy for the maintenance and operation of the city government to the amount of two per cent. of the taxable property of the city before this action was commenced, and that under the charter no greater tax can be levied in any one year. Sec. 1, subch. XV, as amended by sec. 6, ch. 103, Laws of 1891, says: "All property in the city subject to taxation under the laws in this state shall be subject to taxation for all purposes authorized by this act, but the total of the taxes for all purposes, except the special taxes levied upon property abutting upon and for public improvements, shall never exceed two per centum of the valuation of any property in said city." My own opinion is that this section is so indefinite and uncertain as to be void, but a majority of the court think it can be sustained as a valid limitation. Considering it upon that basis, it must be held to refer only to such taxes as, under the charter, the council are authorized to levy; that is, taxes authorized by the charter. When the relator made proof, and filed its judgment with the city clerk, it then became absolutely entitled to have it inserted in the tax roll. This having been done before the council was called upon to make up its annual budget for that year, if the limitation applies to judgments at all, that body was bound to take notice thereof. It was therefore no answer to the relief demanded in this action for the clerk to say that the council had levied taxes up to the charter limit. The right of the relator to have its judgment included in the tax roll being absolute before the council were called upon to take action, that right could not be defeated by any procedure it might thereafter adopt. There seems to be good reason for saying that the charter limitation referred to does not apply in cases of judgments, but we leave that point undetermined,

and rest this decision upon the ground that the relator's right to have its judgment carried into the tax roll had ripened before the council took action, and could not therefore be defeated.

*By the Court.*— The judgment of the circuit court is affirmed.